```
UNITED STATES DISTRICT COURT                               USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                              DOCUMENT
-------------------------------------------------------- X ELECTRONICALLY FILED
                                                         : DOC #:
TAMAR ALECIA SAMUDA,                                     : DATE FILED: 3/28/2018
                                                         :
                                              Petitioner,:  17-CV-9919 (VEC)
                                                         :
                    -against-                            :  MEMORANDUM
                                                         :  OPINION AND ORDER
THOMAS DECKER, DIANE MCCONNELL,                          :
RONALD EDWARDS, KIRSTJEN NIELSEN,                        :
and JEFFERSON B. SESSIONS, in their official             :
capacities,                                              :
                                                         :
                                            Respondents. :
                                                         :
-------------------------------------------------------- X
```

VALERIE CAPRONI, United States District Judge:

     Petitioner Tamar Alecia Samuda brings this Verified Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. *See* Pet., Dkt. 1; Resp. Mem. of Law, Dkt. 8; Pet. Reply, Dkt. 9. For the following reasons, the petition is DENIED AS MOOT.

## BACKGROUND

     The facts of this case are few and undisputed. Petitioner, the single mother of three United States citizen children, is a citizen of Jamaica and a lawful permanent resident ("LPR") of the United States. Pet. ¶¶ 1, 10, 23; Resp. Mem. of Law at 1. She has two misdemeanor convictions, from 2001 and 2002. Pet. ¶ 24; Resp. Mem. of Law at 1. On October 18, 2017, Respondents detained Petitioner at the airport as she returned from a brief trip to Jamaica. Pet. ¶ 26; Resp. Mem. of Law at 1–2. Respondents commenced removal proceedings against Petitioner, charging her as an "arriving alien" whose two misdemeanors rendered her inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(I) (conviction for "a crime involving moral turpitude"). Pet. ¶ 28; Resp. Mem. of Law at 1–2. Respondents detained Petitioner pursuant to

8 U.S.C. § 1225(b)(2)(A) (an alien who is an "applicant for admission" and is "not clearly and beyond a doubt entitled to be admitted" shall be detained for removal proceedings). Pet. ¶ 37; Resp. Mem. of Law at 2. Petitioner filed a request for humanitarian parole on November 22, 2017, which Respondents summarily and inexplicably denied on December 6, 2017. Pet. ¶¶ 4, 30; Resp. Mem. of Law at 2.

On December 19, 2017, two months after she was detained, Petitioner filed the instant petition. Pet. at 20. Petitioner claimed that indefinite mandatory detention, without an individualized bond hearing, is not authorized by § 1225(b), and, in any event, violates the Due Process Clause of the Fifth Amendment. *Id.* ¶¶ 37–52.

On February 26, 2018, Respondents finally released Petitioner on humanitarian parole. *See* Letter, Dkt. 10. Respondent now argues that Petitioner's release renders her petition moot, a point that Petitioner disputes. *See* Letter, Dkt. 11; Letter, Dkt. 12.

## DISCUSSION

While reasonable minds can differ on the best way to enforce the country's immigration laws, this case suggests that the immigration authorities have opted for an approach that few could agree with. The Petitioner is a lawful permanent resident of the United States. Although she has two misdemeanor convictions, neither crime resulted in jail time, and both crimes were committed almost 20 years ago, when she was a teenager. Since that time, she has become the parent of three U.S. citizen children, who are entitled to be reared by their parent, absent conduct by the parent that is worthy of incarceration. There is no indication that Petitioner poses a risk to the community or a risk of flight. The notion that it was good public policy (let alone a good use of the public fisc) to put her in jail at all (let alone for more than four months) is frightening and

beyond absurd. That said, this Petition is moot for the reasons that this Court stated in *Osias v. Decker et al.*, 17-CV-2786 (Dkt. 26), 2017 WL 3432685 (S.D.N.Y. Aug. 9, 2017).

In *Osias*, this Court acknowledged that some courts have held that a petitioner's release does not render a habeas petition moot, but the Court reasoned that the instant petition "concern[s] whether the Government should be ordered to provide [the petitioner] a bond hearing, not whether to order his release." *Id.* at *1 (emphasis omitted). The same reasoning applies here.

Petitioner argues that her case is distinguishable from *Osias* because her Petition sought not merely a bond hearing, but "immediate release that is not subject to the ability of respondents to re-detain her any time." Letter, Dkt. 12, at 2. The Court disagrees. Each one of the Petition's causes of action requested a bond hearing as its remedy. *See* Pet. ¶ 37 ("The statute under which Respondents purport to detain [Petitioner] does not authorize indefinite detention *without a bond hearing*." (emphasis added) (citation omitted)), ¶ 38 ("The due process limitation to detention *without bond* . . . is equally applicable to non-citizens like [Petitioner] . . . ." (emphasis added)), ¶ 41 ("Because [Petitioner] is a lawful permanent resident and her detention by ICE will inevitably become prolonged, she is entitled to *an immediate individualized hearing* at which DHS bears the burden of showing that her detention is reasonable and justified." (emphasis added)), ¶ 44 (arguing that "prolonged detention under 8 U.S.C. § 1225(b)(2) *without a bond hearing*" violates due process (emphasis added)), ¶ 46 ("For the reasons above, [Petitioner's] continued detention under 8 U.S.C. § 1225(b) *without a bond hearing* violates her right to due process." (emphasis added)), ¶ 52 ("For the above-mentioned reasons, [Petitioner's] mandatory detention under 8 U.S.C. § 1225(b) without the immediate opportunity for an *individualized bond hearing* violates her rights to due process under the Fifth Amendment." (emphasis added));

3

*see also* Pet. Reply at 7–8 ("[Petitioner] alleges an ongoing violation of her due process rights resulting from mandatory detention *without an opportunity for individualized review* based on the inherent unconstitutionality of 8 U.S.C. § 1225(b) as applied to LPRs such as herself." (emphasis added) (citing Pet. ¶¶ 47–52)).

Admittedly, the Petition's Prayer for Relief requested an order directing "release" as an alternative to an order directing a bond hearing. Pet. at 20. But this prayer expressly requested an order directing release on Petitioner's "own recognizance or under parole, bond, or reasonable conditions of supervision." *Id.* Because Petitioner has been granted release "under parole," this prayer for relief is moot. *Id.*

In sum, Petitioner's release on humanitarian parole has obviated the need for an order directing a bond hearing or directing release "under parole, bond, or reasonable conditions of supervision." *Id.* This case is moot, and neither the voluntary cessation exception nor any other exception to the mootness doctrine applies.

## CONCLUSION

For all the forgoing reasons, the Petition is DENIED AS MOOT. The Clerk is respectfully directed to terminate all open motions and to close the case.

**SO ORDERED.**

**Date: March 28, 2018**
**New York, NY**

**VALERIE CAPRONI**
**United States District Judge**